**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANTIONA PHILLIPS,**                                                    **PETITIONER**
*ADC #162493*

**CASE NO. 4:22-cv-00852-JTK**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                **RESPONDENT**

<u>**ORDER**</u>

**I.**     <u>**Background**</u>**:**

**A.  Trial Proceedings**

On November 24, 2015, Petitioner Antiona Phillips pleaded guilty to two counts of rape in Pulaski County Circuit Court, Case No. 60CR-14-4293.[1] In his response, Director Payne included the Sentencing Order, Docket, and Prosecutor's Report that state the facts of the case: that on October 29, 2014, Mr. Phillips was arrested and charged with two counts of rape after forcibly touching the genitals of two minor children under the age of fourteen. (Doc. No. 24-2) After accepting his guilty plea, the circuit court entered a sentencing order and judgment sentencing Mr. Phillips to twenty-five years in the Arkansas Division of Correction on the two charges of rape on November 30, 2015. *Id*.

**B.  State Post-Conviction Remedies**

On July 5, 2019, Mr. Phillips filed a *pro se* Rule 37 petition for post-conviction relief in Pulaski County Circuit Court. (Doc. No. 24-4) Mr. Phillips contended that he was mentally incompetent at the time of his plea, his confession was coerced by his public defenders, and his

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

counsel was ineffective because they did not investigate his mental health background. *Id*. The circuit court denied the petition on August 30, 2021. (Doc. No. 24-5) The circuit court held that the contentions made by Mr. Phillips were either meritless or untimely filed pursuant to Rule 37.2(c) of the Arkansas Rules of Criminal Procedure. *Id*.

### C. Federal Habeas Petition

On September 14, 2022, Mr. Phillips filed this pending *pro se* petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254. (Doc. No. 2) Mr. Phillips raises several grounds for relief. The first is a claim that his counsel was ineffective because he was denied a "legitimate" DNA test and an Act 3 examination. Additionally, Mr. Phillips makes several claims regarding mental incapacity. Specifically, Mr. Phillips claims he was not mentally competent to enter a plea agreement.

Director Payne responded to the petition and asserts two arguments: that his petition is barred by the statute of limitations; and, alternatively, that Mr. Phillips's claims are inexcusably procedurally defaulted. (Doc. No. 24)

Mr. Phillips filed a Response to Director Payne's Response on April 4, 2023 (Doc. No. 27) and a Reply to Director Payne's Response on May 1, 2023 (Doc. No. 31). Both documents have been carefully reviewed by the Court.

## II.   <u>Statute of Limitations</u>:

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). AEDPA's statute of limitations starts running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

§ 2244(d)(1)(A). For "a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).

The sentencing order in Mr. Phillips's case was filed on December 9, 2015. Because Mr. Phillips pleaded guilty, he had no right to a direct appeal. *See* Ark. R. App. P. Crim. 1(a). As a result, Mr. Phillips's sentence became final thirty days from its entry. *See* Ark. R. App. P. Crim. 2(a)(1). The one-year statute of limitations, therefore, started to run on January 9, 2016, making January 9, 2017, the last day a petition could be timely filed.

### A.    Statutory Tolling

The federal habeas statute provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). When Mr. Phillips filed his Rule 37 petition with the circuit court on June 5, 2019 (Doc. No. 24-4), almost four years after his judgment became final, the statute of limitations had already commenced and expired with respect to his federal habeas claim. Because it was not properly or timely filed, Mr. Phillips's Rule 37 Petition did not effectively toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Consequently, there can be no dispute that Mr. Phillips's petition is barred by the statute of limitations unless he is entitled to equitable tolling.

### B.    Equitable Tolling

The limitations period in § 2244(d)(1) is subject to equitable tolling. To benefit from equitable tolling, a petitioner must show that he has pursued his rights diligently, and that some extraordinary circumstance stood in the way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstances test. *Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2012). "Ineffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

Where a habeas petitioner has faced "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inappropriate because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). A petitioner's *pro se* status, absence of legal knowledge or legal resources, or any misunderstanding about the federal limitations period or state post-conviction law, have been held not to justify equitable tolling. *See, e.g.*, *Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) (no equitable tolling due to belated receipt of case file, pro se status, lack of access to legal materials, and restricted time in library); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (no equitable tolling due to petitioner's misapprehension of state post-conviction procedures, pro se status, lack of legal experience, or legal resources).

Mr. Phillips has not specifically responded to Director Payne's assertion that the statute of limitation bars this Court from hearing his petition. However, he does state in his petition that his reasoning for not timely filing this petition is because he "didn't have access to legal and mental support to do and follow procedure in filing and filling out the paperwork properly." (Doc. No. 2 at pp. 14-15) Additionally, he mentions separately in other filings that he has been under psychiatric care since he was 14 years old (Doc. No. 2 at p. 9), that he was not correctly medicated at the time he took his plea (Doc. No. 27 at p. 5), that he tried to take his own life while at the Pulaski County jail (*id*.), and that he was "under the influence of numerous mind altering meds" at the time of his plea (Doc. No. 31 at p. 4). This Court, therefore, is construing Mr. Phillips's argument regarding equitable tolling to be on the grounds of mental incapacity.

In general, the Supreme Court has declined to find mental incapacity to be an "extraordinary circumstance" for purposes of equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007). The Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient degree and duration. *Nichols v. Dormire*, 11 F. App'x 663, 634 (8th Cir. 2001). For mental illness to excuse the procedural bar arising from the failure to pursue state post-conviction remedies, the petitioner must make a conclusive showing that he or she was incompetent at the time of the post-conviction proceedings. *See Gordon v. Arkansas*, 823 F.3d 1188, 1196 (8th Cir. 2016). There must be "a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief." *Id.* at 1197.

Mr. Phillips's filing of a Rule 37 petition cut against any accusation that mental illness prevented him from taking action. Furthermore, aside from his bare assertions, Mr. Phillips has not provided any diagnosis documents, medical records, or other evidence to support his claim of mental incapacity. Consequently, he is not entitled to equitable tolling.

### III.   <u>Certificate of Appealability</u>:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Phillips has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Phillips has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability is denied.

**IV.**   <u>**Conclusion**</u>:

Mr. Phillips's petition is time barred and is, therefore, dismissed with prejudice.

Also pending is Mr. Phillips's petition to correct an illegal sentence (Doc. No. 18), motion to withdraw guilty plea (Doc. No. 17), request under the Arkansas Freedom of Information Act (Doc. No. 20), motion for discovery (Doc. No. 22), motion to present police records (Doc. No. 29), motion to submit witness and witness statements (Doc. No. 30), and motion for status update (Doc. No. 33). The Court has considered these motions and determined that it has no bearing on the decision of the Court; as such, these motions shall be DENIED as moot.

DATED this 9th day of January 2024.

_____
UNITED STATES MAGISTRATE JUDGE